**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICKIE L. HILL, | No. 19-15378 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00644-MMD-CBC |
| v. | |
| DANNY HOLLAND; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| TIMOTHY FILSON; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Nevada state prisoner Rickie L. Hill appeals pro se from the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment in his 42 U.S.C. § 1983 action alleging federal claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Hill's failure-to-protect claim because Hill failed to raise a genuine dispute of material fact as to whether defendants Southworth, Holland, and Byrne were deliberately indifferent to an excessive risk to Hill's safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent if the prison official "knows of and disregards an excessive risk to inmate health or safety").

The district court properly granted summary judgment on Hill's retaliation claim because Hill failed to raise a genuine dispute of material fact as to whether Southworth, Holland, and Byrne took an adverse action against Hill because of his protected conduct.  *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a First Amendment retaliation claim in the prison context).

The district court properly granted summary judgment on Hill's equal protection claim because Hill failed to raise a genuine dispute of material fact as to whether Southworth, Holland, and Byrne intentionally discriminated against Hill on the basis of his membership in a protected class.  *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (plaintiff alleging an equal protection claim must show that defendants acted with an intent or purpose to discriminate based upon

19-15378

plaintiff's membership in a protected class).

The district court properly dismissed Hill's claims against defendant Filson because Hill failed to allege facts sufficient to show that Filson personally participated in a constitutional violation. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (standard of review for dismissal for failure to state a claim under 28 U.S.C. § 1915A); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (pleading requirements for establishing supervisory liability).

We reject as unsupported by the record Hill's contention that the district judge erred by failing to consider Hill's objections to the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1) (deadline for party to serve and file objections to magistrate judge's findings and recommendations).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-15378